**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alejandro GAMEZ–MENDOZA, also known as Mario Sanchez Quintero, Defendant–Appellant.**

**No. 05–11139**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 27, 2006.

Mark L. Nichols, Assistant U.S. Attorney, Nancy E. Larson, U.S. Attorney's Office Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

Raymond J. Rodgers, Federal Public Defender's Office Northern District of Texas, Fort Worth, TX, for Defendant–Appellant.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Alejandro Gamez–Mendoza (Gamez) ap-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

peals his 41–month sentence for illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(2) and 6 U.S.C. §§ 202, 557. The district court determined, based on an offense level of 13 and a criminal history category of IV, that Gamez's Guideline imprisonment range was 24–30 months. The district court departed upward 11 months pursuant to U.S.S.G. § 4A1.3, finding that Gamez's criminal history was substantially underrepresented and was more comparable to that of a defendant with a criminal history category of VI. Gamez argues that the departure was unreasonable.

■ This court reviews upward departures for reasonableness, which entails review of the district court's decision to depart and the extent of the departure for abuse of discretion. *United States v. Zuniga–Peralta*, 442 F.3d 345, 347 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 2954, 165 L.Ed.2d 975 (2006). The district court here determined that Gamez's five prior immigration-related adjudications and multiple deportations had not deterred him from illegally entering the country and stated that the departure was an attempt to deter future recidivism. The sentencing transcript reflects that the district court also considered the other § 3553(a) factors in reaching its decision. The district court did not abuse its discretion in departing, as the sentence advanced the objectives set forth in § 3553(a)(2) and was justified on the facts of the case. *See id.*

■ Gamez next argues that § 1326(b)'s treatment of prior aggravated felony convictions as sentencing factors is unconstitutional. This constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Gamez contends that *Almendarez–Torres* was incorrectly decided and that a majori-

ty of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Gamez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.